1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICK GREER

Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC.

Defendant.

Case No.

COMPLAINT
AND JURY DEMAND

## PRELIMINARY STATEMENT

19
20
21
22
23
24
25
26
27
28

1. This is an action brought for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.; for damages for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.; for damages for violations of the Collection Agencies Act ("CAA"), RCW 19.16 *et seq.*; for damages for violations of the Deeds of Trust Act ("DTA"), RCW 61.24 *et seq*.; and for damages for violations of the Consumer Protection Act ("CPA"), RCW 19.86 *et seq*.

**PARTIES**

2.   Plaintiff, Rick Greer, is a natural person residing in Clark County, Washington, during all times relevant to this action.

3.   Defendant, NATIONSTAR MORTGAGE, LLC, ("Nationstar") is incorporated in Delaware and doing business in Clark County, Washington.

**JURISDICTION AND VENUE**

4.   The jurisdiction of this Court is conferred by 15 U.S.C. §1692; 28 U.S.C. §1331 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5.   This Court has jurisdiction over Plaintiff's TCPA claim pursuant to 47 U.S.C. 227(b)(3).

6.   Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) in that the plaintiff resides here and the conduct complained of occurred here.

**FACTUAL ALLEGATIONS**

7.   Plaintiff is a natural person obligated, or allegedly obligated to pay a debt owed or due, or asserted to be owed or due, a creditor.

8.   Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance or services that are subject of the transaction were incurred primarily for personal, family, or household purposes.

9.   Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owned or due, or asserted to be owed or due another.

10.  During the course of its attempts to collect debts allegedly owed to third parties,

Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

11.   Plaintiff signed an Adjustable Rate Note ("Note") dated August 29, 2005 to the order of the alleged lender, First Franklin A Division of Nat. City Bank of IN.

12.   The Note did not reference any account number.

13.   This action arises out of Defendant's attempts to collect on a Note.

14.   Plaintiff received from prior alleged servicer Bank of America, N.A. a letter dated November, 22 2013, advising Plaintiff the servicing rights had been allegedly assigned, sold or transferred to Nationstar, in reference to account No.: 23518865.

15.   According to the above letter Nationstar became the alleged servicer of the subject account effective December 16, 2013.

16.   Nationstar acquired the alleged debt while it was in default.

17.   Plaintiff received from Nationstar a letter dated December 26, 2013 titled Notice of Mortgage Transfer in reference to account No.:0618091995.

18.   Nationstar's above letter was also a dunning letter.

19.   According to the above letter, Nationstar claims the creditor to whom the alleged debt is owed is US BANK NA AS TRUSTEE FOR FFMLT 2005-FF12 ("US Bank").

20.   Upon information and belief, US Bank is not the creditor to whom the alleged debt is owed.

21.   Defendant began placing collection calls to Plaintiff's cellular telephone at 360-901-14XX.

22.   Nationstar's initial collection call to Plaintiff's cellular telephone was on January 15, 2014 from phone number 888-850-9398.

23. In response to Defendant's December 26, 2013 dunning letter, Plaintiff sent via certified mail a notice of dispute and validation of debt letter, dated January 16, 2014, requesting information required from collection agencies under Washington state law.

24. Plaintiff incurred the out of pocket expense of certified mail and return receipt of the January 16, 2014 letter to Nationstar, in Plaintiff's investigation concerning his dispute of Nationstar's claims that they were owed the alleged debt.

25. Plaintiff's above letter revoked any prior permission Defendant may have had to call Plaintiff's cellular phone.

26. Plaintiff received from Nationstar a letter dated January 27, 2014 in response to Plaintiff's initial notice of dispute and validation of debt letter, which did not include the itemization and disclosures, as required by statute.

27. Nationstar failed to validate the debt.

28. Nationstar attempted to collect an alleged debt without first providing Plaintiff itemization and disclosures as required under RCW 19.16.250(8) and therefore violated the statute.

29. According to the above letter, Nationstar claims the current owner of the Note is Citibank NA as trustee for FFMLT 2005-FF12 ("Citibank").

30. Upon information and belief, Citibank is not the current owner of the subject Note.

31. Nationstar's letter was also a dunning letter.

32. In response to Defendant's second dunning letter, Plaintiff sent via certified mail a second notice of dispute and validation of debt letter, dated February 20, 2014, requesting information required from collection agencies under Washington state law.

COMPLAINT
AND JURY DEMAND (Case No.)
Page **4** of **21**

33. Plaintiff's letter revoked any prior permission Defendant may have had to call Plaintiff's cellular phone.

34. Plaintiff received from Nationstar a letter dated March 12, 2014 in response to Plaintiff's second notice of dispute and validation of debt letter, which did not include the itemization and disclosures, as required by statute.

35. Nationstar failed to validate the debt.

36. Nationstar attempted to collect an alleged debt without first providing Plaintiff itemization and disclosures as required under RCW 19.16.250(8) and therefore violated the statute.

37. Plaintiff received from Nationstar a letter dated May 6, 2014 titled, IMPORTANT RIGHTS FOR HOMEOWNERS / NOTICE OF PRE-FORECLOSURE OPTIONS.

38. Defendant's Notice is lacking required verbiage pursuant to RCW 61.24.031(c) and is therefore non-compliant.

39. Nationstar refers to themselves as "Beneficiary" and "Beneficiary's Authorized Agent."

40. Upon information and belief, Nationstar is not the "Beneficiary" as defined under state statute.

41. Upon information and belief Nationstar is not the "Beneficiary's Authorized Agent" as defined under state statute.

42. In response to Defendant's above letter Plaintiff sent via certified mail a letter dated May 29, 2014 disputing specific verbiage of Defendant's above letter.

43. In addition, Plaintiff requested a compliant IMPORTANT RIGHTS FOR HOMEOWNERS / NOTICE OF PRE-FORECLOSURE OPTIONS letter.

44. In addition, Plaintiff requested an in person meeting with the beneficiary.

45.   Defendant did not honor either of Plaintiff's requests.

46.   Plaintiff incurred the out of pocket expense of certified mail and return receipt postage of the May 29, 2014 letter to Nationstar, in Plaintiff's investigation concerning the dispute of Nationstar's claimed rights to enforce the Note in addition to their claims they are owed the alleged debt.

47.   Nationstar's remaining collection calls to Plaintiff's cellular telephone occurred on May 29, 2014, June 20, 2014, twice on June 25, 2014 and June 26, 2014 from phone numbers 866-316-2432 and 972-956-6827.

48.   Plaintiff received from Nationstar an untitled letter dated June 27, 2014 alleging their "Right to Foreclose" to "be conducted in the name of Nationstar."

49.   Nationstar claims they are the "Noteholder."

50.   Upon information and belief, Nationstar is not the "Noteholder" as defined by the Uniform Commercial Code ("UCC").

51.   Nationstar violated RCW 19.16.250(16) by threatening to take an action which cannot legally be taken at the time the threat was made by claiming they have rights to foreclose in their name as a "Beneficiary" and / or a "Noteholder."

52.   Plaintiff sent via certified mail two letters dated July 3, 2014 to Nationstar, to investigate its claims that Nationstar has the rights, pursuant to Washington's UCC, to enforce the Note and collect the alleged debt.

53.   Plaintiff incurred the out of pocket expense of certified mail and return receipt postage of the July 3, 2014 letters to Nationstar, in Plaintiff's investigation concerning the dispute of Nationstar's claimed rights to enforce the Note in addition to their claims they are owed the alleged debt.

54.   Plaintiff received from Nationstar an untitled letter dated July 10, 2014.

55. Nationstar now claims the current owner of the Note is Wilmington Trust Company as Trustee for FFMLT 2005-FF12 ("Wilmington").

56. Upon information and belief, Wilmington is not the current owner of the subject Note.

57. In response to Defendant's untitled letter, Plaintiff sent via certified mail a letter, dated July 31, 2014, disputing and seeking clarity to Defendant's numerous conflicting letters to Plaintiff.

58. Defendant has stated at different times through its correspondence to Plaintiff that Nationstar, US Bank, Citibank and Wilmington all have a claim to the subject Note.

59. Plaintiff seeks to clarify who the person entitled to enforce the Note is pursuant to the UCC in light of Defendant's numerous misleading communications concerning the subject Note.

60. Plaintiff received from Nationstar an untitled letter dated August 15, 2014.

61. Defendant again states the current owner of the Note is Wilmington.

62. Plaintiff sent via certified mail, a letter dated August 28, 2014 to Nationstar, seeking clarification to Nationstar's improper and contradictive communications with Plaintiff in their efforts to collect an alleged debt.

63. Plaintiff revealed in the above letter to Defendant the findings of a back and forth communication between Plaintiff and an alleged Vice President ("VP") for Wilmington via an e-mail address Defendant provided.

64. The Wilmington VP could not confirm, without conferring with an alleged Master Servicer, Nationstar was the alleged servicer of the subject account.

65. Therefore, Defendant could not have an agency relationship with Wilmington.

66.  Upon information and belief, Defendant does not have an agency relationship with Wilmington.

67.  Plaintiff was initially informed by the Wilmington VP that Wells Fargo was the Master Servicer and Wells Fargo would verify whether Nationstar is the servicer of the subject account.

68.  Upon information and belief, Wells Fargo in not the Master Servicer of the subject account.

69.  Upon information and belief, Defendant does not have an agency relationship with Wells Fargo.

70.  Plaintiff was then informed by the Wilmington VP the Master Servicer was US Bank and US Bank allegedly verified Nationstar is the alleged servicer.

71.  Upon information and belief, US bank in not the Master Servicer of the subject account.

72.  Upon information and belief, Defendant does not have an agency relationship with US Bank.

73.  Upon information and belief, Defendant does not have the proper authority from anyone to be the servicer.

74.  Plaintiff incurred the out of pocket expense of certified mail and return receipt postage of the August 28, 2014 letter to Nationstar, in Plaintiff's investigation concerning his dispute of Nationstar's claims they were owed the alleged debt.

75.  Plaintiff received from Nationstar an untitled letter dated September 17, 2014.

76.  Nationstar considers its investigation complete without addressing any of the inconsistencies brought forth by Plaintiff on numerous occasions.

77. In response to Defendant's untitled letter, Plaintiff sent via certified mail a letter, dated October 13, 2014, disputing and seeking clarity to Defendant's numerous conflicting letters to Plaintiff.

78. Plaintiff incurred the out of pocket expense of certified mail and return receipt postage of the October 13, 2014 letter to Nationstar, in Plaintiff's investigation concerning his dispute of Nationstar's claims they were owed the alleged debt.

79. Plaintiff received from Nationstar an untitled letter dated October 25, 2014.

80. Nationstar considers its investigation complete without addressing any of the inconsistencies brought forth by Plaintiff on numerous occasions.

81. In response to Defendant's untitled letter, Plaintiff sent via certified mail a letter, dated November 20, 2014, disputing and seeking clarification to Defendant's improper and contradictive communications with Plaintiff in their efforts to collect an alleged debt.

82. Plaintiff incurred the out of pocket expense of certified mail and return receipt postage of the November 20, 2014 letter to Nationstar, in Plaintiff's investigation concerning his dispute of Nationstar's claims they were owed the alleged debt.

83. Plaintiff received from Nationstar an untitled letter dated December 9, 2014.

84. Nationstar considers its investigation complete without addressing any of the inconsistencies brought forth by Plaintiff on numerous occasions.

85. In response to Defendant's untitled letter, Plaintiff sent via certified mail a letter, dated December 31, 2014, disputing and seeking clarification to Defendant's improper and contradictive communications with Plaintiff in their efforts to collect an alleged debt.

86. Plaintiff incurred the out of pocket expense of certified mail and return receipt postage of the December 31, 2014 letter to Nationstar, in Plaintiff's investigation concerning his dispute of Nationstar's claims they were owed the alleged debt.

87. Plaintiff received from Quality Loan Service Corporation of Washington ("QLS"), on behalf of Nationstar, a NOTICE OF DEFAULT ("NOD") dated January 20, 2015.

88. In response to Defendant's NOD, Plaintiff sent to Nationstar and QLS, via certified mail, a letter dated February 12, 2015, disputing the NOD and the document included with the NOD, the FORECLOSURE LOSS MITIGATION FORM.

89. Nationstar did not satisfy due diligence under RCW 61.24.031 by ignoring Plaintiff's numerous written requests for an in person meeting with the alleged beneficiary.

90. Nationstar falsely stated on the FORECLOSURE LOSS MITIGATION FORM that "borrower did not respond" to Nationstar thereby misrepresenting the facts to QLS and causing QLS to issue a non compliant NOD.

91. Nationstar violated RCW 19.16.250(16) by threatening to take an action which cannot legally be taken at the time the threat was made by authorizing QLS to issue a NOD prematurely by failing due diligence under RCW 61.24.031 as noted above.

92. Nationstar violated RCW 61.24.135(2) by failing due diligence to honor Plaintiff's numerous written requests for an in person meeting with the beneficiary before authorizing QLS to issue the subject NOD.

93. Plaintiff incurred the out of pocket expense of certified mail and return receipt postage of the February 12, 2015 letter to Nationstar, in Plaintiff's investigation concerning his dispute of Nationstar's non compliant NOD.

94. Plaintiff incurred a loss of business profits due to the time spent disputing Defendant's improper payment demands outlined herein.

95. Plaintiff incurred investigation expenses and other costs resulting from Defendant's deceptive business practices outlined herein.

96. Defendant's actions in attempting to collect an alleged debt outlined herein are also in violation of federal statutes (FDCPA).

### COUNT I

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT NATIONSTAR MORTGAGE, LLC

97. Paragraphs 1 through 96 are re-alleged as though fully set forth herein.

98. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a (3).

99. Defendant Nationstar Mortgage, LLC are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a (6).

100. Defendant Nationstar Mortgage, LLC violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a) Defendant Nationstar Mortgage, LLC violated 15 U.S.C. §1692e by engaging in false, deceptive or misleading representation in connection with the collection of a debt. The chronological order, as a whole, and the content of the contradictive and confusing letters received by Plaintiff from Nationstar are false, deceptive and misleading.
   (b) Defendant Nationstar Mortgage, LLC violated 15 U.S.C. §1692e (5) by threatening to take an action that cannot legally be taken or that is not intended to be taken by claiming their right to foreclose in their name as a "Noteholder" without proper authority pursuant to the UCC.
   (c) Defendant Nationstar Mortgage, LLC violated 15 U.S.C. §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer by falsely claiming the status of "Beneficiary" and "Beneficiary's Authorized Agent" and "Noteholder" in letters outlined herein as well as falsely claiming multiple entities have claims to the subject Note in additional letters outlined herein.
   (d) Defendant Nationstar Mortgage, LLC violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect a debt. The whole of Nationstar's correspondence to Plaintiff in their attempts to collect an alleged debt are unfair and unconscionable.
   (e) Defendant Nationstar Mortgage, LLC violated 15 U.S.C. §1692f(6) by threatening to take a non-judicial action to effect dispossession or disablement of Plaintiff's property

1  with no present right to do so due to the failure of due diligence before authorizing the

2  issuance of the subject non compliant NOD.

3  **WHEREFORE**, Plaintiff demands judgment for damages against Nationstar Mortgage, LLC

4  for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15

5  U.S.C. §1692k.

6  **COUNT II**

7
8  **VIOLATION OF THE TELEPHONE CONSUMER
PROTECTION ACT (TCPA), 47 U.S.C. § 227
BY DEFENDANT NATIONSTAR MORTGAGE, LLC**
9

10  101.  Paragraphs 1 through 100 are re-alleged as though fully set forth herein.

11  102.  Upon information and belief, per its prior business practices, each of Defendant's six

12  collection calls were placed using an automatic telephone dialing system.

13  103.  Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. §

14  227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt

15  allegedly owed.

16

17  104.  Defendant uses equipment with the capacity to be used as an "automated telephone

18  dialing system."

19  105.  Plaintiff never provided Plaintiff's cellular telephone number to Defendant and never

20  provided Plaintiff's consent, express or implied, to Defendant to be contacted on

21  Plaintiff's cellular telephone.

22

23  106.  Defendant's calls constituted calls that were not for emergency purposes as defined by

24  47 U.S.C. § 227(b)(1)(A).

25  107.  Defendant's calls were placed to a telephone number assigned to a cellular telephone

26  service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §

27  227(b)(1).

28

108. Plaintiff is not a customer of Defendant's services and, with the exception of Plaintiff's Notice of Dispute letter; Plaintiff has never provided any personal information, including Plaintiff's cellular telephone number, to Defendant for any purpose whatsoever.

109. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on Plaintiff's cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

110. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

111. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff demands judgment be entered against Nationstar Mortgage, LLC for statutory damages of $500 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B); statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B) and 47 U.S.C. § (b)(3)(C); and attorney's fees and costs.

### COUNT III

### VIOLATION OF THE COLLECTION AGENCIES ACT, RCW 19.16.250(8), BY DEFENDANT NATIONSTAR MORTGAGE, LLC

112. Paragraphs 1 through 111 are re-alleged as though fully set forth herein.

113.   Defendant, at all relevant times engaged in the collection, or attempted collection, of a "claim" from Plaintiff, as defined by RCW 19.16.100(2).

114.   Defendant is a "collection agency" or "out-of-state collection agency" as defined by RCW 19.16.100(4) or (10), and as a "licensee" as defined by RCW 19.16.100(9).

115.   RCW 19.16.100(4)(a) states that "Collection agency" means and includes…"any person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person."

116.   RCW 19.16.100(11) states that a "Person" for purposes of the Collection Agencies Act "includes individual, firm, partnership, trust, joint venture, association, or corporation."

117.   Defendant is a "person" for purposes of the Collection Agencies Act.

118.   Defendant did not properly respond to Plaintiff's January 16, 2014 validation of debt letter.

119.   Defendant never provided Plaintiff with written verification, validation or itemization of the alleged debt it is trying to collect.

120.   Defendant violated RCW 19.16.250(8) by failing to convey the itemization and disclosures required upon written request.

121.   RCW 19.16.250(8) makes it a prohibited practice for a collector to "Give or send to any debtor or cause to be given or sent to any debtor, any notice, letter, message, or form, other than through proper legal action, process, or proceedings, which represents or implies that a claim exists unless it shall indicate in clear and legible type":

(a)  The name of the licensee and the city, street, and number at which he or she is licensed to do business;

(b) The name of the original creditor to whom the debtor owed the claim if such name is known to the licensee or employee: PROVIDED, That upon written request of the debtor, the licensee shall provide this name to the debtor or cease efforts to collect on the debt until this information is provided;

(c) If the notice, letter, message, or form is the first notice to the debtor or if the licensee is attempting to collect a different amount than indicated in his or her or its first notice to the debtor, an itemization of the claim asserted must be made including:

(i) Amount owing on the original obligation at the time it was received by the licensee for collection or by assignment;

(ii) Interest or service charge, collection costs, or late payment charges, if any, added to the original obligation by the original creditor, customer or assignor before it was received by the licensee for collection, if such information is known by the licensee or employee: PROVIDED, That upon written request of the debtor, the licensee shall make a reasonable effort to obtain information on such items and provide this information to the debtor;

(iii) Interest or service charge, if any, added by the licensee or customer or assignor after the obligation was received by the licensee for collection;

(iv) Collection costs, if any, that the licensee is attempting to collect;

(v) Attorneys' fees, if any, that the licensee is attempting to collect on his or her or its behalf or on the behalf of a customer or assignor; and

(vi) Any other charge or fee that the licensee is attempting to collect on his or her or its own behalf or on the behalf of a customer or assignor.

122.   RCW 19.16.440 states that violation of RCW l9.16.250 is a per se violation of the Washington State Consumer Protection Act.

123.   Defendant violated both statutes by failing to provide written details about the debt as required by 19.16.250(8).

124.   Defendant's actions were unfair, deceptive, and explicitly prohibited by the Washington State Collection Agencies Act.

125.   Defendant's commission of an act or practice prohibited by RCW 19.16.250 is an unfair act or practice or unfair method of competition in the conduct of trade or commerce for purpose of the application of the Consumer Protection Act found in Chapter19.86 RCW. RCW 19.16.440.

**WHEREFORE**, Plaintiff demands judgment to be entered against Nationstar Mortgage, LLC for violations of RCW 19.16.250(8) for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to RCW 19.86.020, RCW 19.86.090 & RCW 19.86.140.

## COUNT IV

### VIOLATION OF THE COLLECTION AGENCIES ACT, RCW 19.16.250(8), BY DEFENDANT NATIONSTAR MORTGAGE, LLC

126.   Paragraphs 1 through 125 are re-alleged as though fully set forth herein.

127.   Defendant did not properly respond to Plaintiff's February 20, 2014 second validation of debt letter.

128.   Defendant never provided Plaintiff with written verification, validation or itemization of the alleged debt it is trying to collect.

129.   Defendant violated RCW 19.16.250(8) by failing to convey the itemization and disclosures required upon written request.

130.   RCW 19.16.440 states that violation of RCW 19.16.250 is a per se violation of the Washington State Consumer Protection Act.

131.   Defendant violated both statutes by failing to provide written details about the debt as required by 19.16.250(8).

**WHEREFORE**, Plaintiff demands judgment to be entered against Nationstar Mortgage, LLC for violations of RCW 19.16.250(8) for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to RCW 19.86.020, RCW 19.86.090 & RCW 19.86.140.

## COUNT V

### VIOLATION OF THE COLLECTION AGENCIES ACT, RCW 19.16.250(16), BY DEFENDANT NATIONSTAR MORTGAGE, LLC

132.   Paragraphs 1 through 131 are re-alleged as though fully set forth herein.

133.   Defendant does not have authority to enforce the Note or initiate a foreclosure.

134. Defendant violated RCW 19.16.250(16) by threatening to take an action which cannot legally be taken at the time the threat was made by claiming they have rights to foreclose in their name as a "Beneficiary" and a "Beneficiary's Authorized Agent" in a letter dated May 6, 2014 as well as a "Noteholder" in a letter dated June 27, 2014.

135. RCW 19.16.440 states that violation of RCW l9.16.250 is a per se violation of the Washington State Consumer Protection Act.

136. Defendant violated both statutes by threatening to take an action which could not legally be taken at the time, by improperly claiming they had a valid right to foreclose as a "Beneficiary" a "Beneficiary's Authorized Agent" and a "Noteholder."

**WHEREFORE**, Plaintiff demands judgment to be entered against Nationstar Mortgage, LLC for violations of RCW 19.16.250(16) for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to RCW 19.86.020, RCW 19.86.090 & RCW 19.86.140.

**COUNT VI**

**VIOLATION OF THE COLLECTION AGENCIES ACT, RCW 19.16.250(16),
BY DEFENDANT NATIONSTAR MORTGAGE, LLC**

137. Paragraphs 1 through 136 are re-alleged as though fully set forth herein.

138. Plaintiff received from Quality Loan Service Corporation of Washington ("QLS"), on behalf of Nationstar, a NOTICE OF DEFAULT ("NOD") dated January 20, 2015.

139. In response to Defendant's NOD, Plaintiff sent to Nationstar and QLS, via certified mail, a letter dated February 12, 2015, disputing the NOD and the document included with the NOD, the FORECLOSURE LOSS MITIGATION FORM.

140. Nationstar did not satisfy due diligence under RCW 61.24.031 by ignoring Plaintiff's numerous written requests for an in person meeting with the alleged beneficiary.

141. Nationstar falsely stated on the FORECLOSURE LOSS MITIGATION FORM that "borrower did not respond" to Nationstar thereby misrepresenting the facts to QLS and causing QLS to issue a non compliant NOD.

142. Nationstar violated RCW 19.16.250(16) by threatening to take an action which cannot legally be taken at the time the threat was made by authorizing QLS to issue a NOD prematurely by failing due diligence under RCW 61.24.031 as noted above.

143. RCW 19.16.440 states that violation of RCW 19.16.250 is a per se violation of the Washington State Consumer Protection Act.

144. Defendant violated both statutes by threatening to take an action which could not legally be taken at the time, by improperly authorizing QLS to issue an NOD without exercising due diligence.

**WHEREFORE**, Plaintiff demands judgment to be entered against Nationstar Mortgage, LLC for violations of RCW 19.16.250(16) for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to RCW 19.86.020, RCW 19.86.090 & RCW 19.86.140.

**COUNT VII**

**VIOLATION OF THE DEEDS OF TRUST ACT, RCW 61.24,
BY DEFENDANT NATIONSTAR MORTGAGE, LLC.**

145. Paragraphs 1 through 144 are re-alleged as though fully set forth herein.

146. Plaintiff is a "Borrower" as defined by RCW 61.24.005(3).

147. Defendant is a "Person" as defined by RCW 61.24.005(11).

148. Plaintiff received from Quality Loan Service Corporation of Washington ("QLS"), on behalf of Nationstar, a NOTICE OF DEFAULT ("NOD") dated January 20, 2015.

149. Nationstar violated RCW 61.24.135(2) by failing due diligence to honor Plaintiff's numerous written requests for an in person meeting with the beneficiary before authorizing QLS to issue the subject NOD.

150. Nationstar failed to exercise due diligence under RCW 61.24.031 and honor Plaintiff's numerous requests for an in person meeting with the beneficiary before authorizing QLS to issue the subject NOD and therefore violated the statute.

151. Washington's DTA under RCW 61.24.135(2) makes it an unfair or deceptive act in trade or commerce and an unfair method of competition in violation of the consumer protection act, chapter 19.86 RCW, for any person or entity to fail to initiate contact with a borrower and exercise due diligence as required under RCW 61.24.031.

152. Defendant's actions were unfair, deceptive, and explicitly prohibited by the Washington DTA.

**WHEREFORE**, Plaintiff demands judgment to be entered against Nationstar Mortgage, LLC for violations of RCW 61.24.135(2) for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to RCW 19.86.020 & RCW 19.86.090.

## COUNT VIII

### VIOLATION OF THE CONSUMER PROTECTION ACT, RCW 19.86, BY DEFENDANT NATIONSTAR MORTGAGE, LLC.

153. Paragraphs 1 through 152 are re-alleged as though fully set forth herein.

154. Washington's CPA states that "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." See RCW 19.86.020.

155. The Washington CPA applies to the actions at issue herein because the Plaintiff is a "consumer" and Defendant is a "business", the complaint involves conduct which

occurred in the course of trade/commerce, Plaintiff was damaged in his property by the Defendant's actions, and the complaint involves a matter of public interest which is capable of repetition and will likely affect other consumers in this state.

156. Defendant violated the Washington Collection Agencies Act by engaging in multiple prohibited collection practices under RCW 19.16.250, which satisfies the first two elements of a Washington CPA claim.

157. Washington's Collection Agencies Act states that any violations of that act is a *per se* violation of the Consumer Protection Act. See RCW 19.16.440.

158. Defendant's actions are therefore a *per se* violation of the Washington State Consumer Protection Act.

159. Washington's DTA states that, "It is an unfair or deceptive act in trade or commerce and an unfair method of competition in violation of the consumer protection act, chapter 19.86 RCW, for any person or entity to…… fail to initiate contact with a borrower and exercise due diligence as required under RCW 61.24.031."

160. Defendant's DTA violation is a violation of the CPA.

161. Defendant's actions were unfair and deceptive.

162. Defendant's conduct is per se injurious to the public interest, RCW 19.86.093(1).

163. Plaintiff was injured by Defendant's actions, as Plaintiff had to investigate all of the information that Defendant failed to disclose and take steps to protect his interests.

164. Plaintiff was injured by Defendant's actions as Plaintiff's time was diverted away from other economically productive business activities.

165. Plaintiff incurred a loss of business profits due to the time spent disputing Defendant's improper payment demands.

166. Plaintiff was injured by Defendant's actions due to incurred investigative expenses.

167. Plaintiff incurred the out of pocket expense of certified mail and return receipt postage of numerous letters outlined herein to Defendant in Plaintiff's investigation concerning his dispute of Defendant's improper payment demands of the alleged debt.

168. Plaintiff incurred investigation expenses and other costs resulting from Defendant's deceptive business practices.

169. Defendant's conduct directly and proximately caused Plaintiff injury, including time and expense incurred in response to Defendant's conduct.

**WHEREFORE,** Plaintiff demands judgment to be entered against Nationstar Mortgage, LLC for violation of RCW 19.86.020 for actual or statutory damages, treble damages and punitive damages, attorney's fees and costs, pursuant to RCW 19.86.020, RCW 19.86.090 & RCW 19.86.140.

Plaintiff requests for leave to amend this complaint as needed and as required.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 19th day of February, 2015.

Rick Greer
2916 NW Ogden Street
Camas WA. 98607
360-901-1470
866-766-2126 - Fax
rick@ppcbuyshomes.com