HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICK GREER, | CASE NO. C15-5103 RBL |
| Plaintiff, | ORDER |
| v. | |
| NATIONSTAR MORTGAGE LLC, | |
| Defendant. | |

THIS MATTER is before the Court on Defendant Nationstar's Motion to Set Aside the Order of Default against it [Dkt. #11], and on Plaintiff Greer's Motion for a Default Judgment, based on that same Default [Dkt. #8].

Nationstar's attorneys claim they informed Greer of their intention to appear and defend, but through inadvertence the Notice of Appearance did not get filed. Greer moved for and obtained the Order of Default without notice.

Nationstar correctly articulates the standard for setting aside default: The Federal Rules provide that a "court may set aside an entry of default for good cause." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010); FRCP 55(c). In determining "good cause," a court considers three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether the moving party had meritorious

ORDER - 1

defense; or (3) whether reopening the default judgment would prejudice" the other party. *Id.* (internal citations omitted). "Judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); see also *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006); *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 890 (9th Cir. 2001); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695–96 (9th Cir. 2001)). While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context. *Id.* at fn 1 (citing *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir.2009)). This is because in the Rule 55 context there is no interest in the finality of the judgment with which to contend. *Id.* (citing *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir.1986)).

Nationstar argues that it did not engage in culpable conduct, that it has meritorious defenses, and that Plaintiff Greer will not be prejudiced if it is permitted to appear and defend. Greer has not responded to the Motion.

The Motion to Set Aside the Default [Dkt. #11] is GRANTED. The Motion for Default Judgment [Dkt. #8] is, accordingly, DENIED. Nationstar shall file its answer by **May 15, 2015.**

IT IS SO ORDERED.

Dated this 5th day of May, 2015.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE